## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MERCK SHARP & DOHME CORP.,

*Plaintiff*,

v.

WOCKHARDT BIO AG, and
WOCKHARDT USA LLC,

*Defendants*.

C.A. No. _____

## **COMPLAINT**

Plaintiff Merck Sharp & Dohme Corp. ("Merck"), by its attorneys, for its Complaint, alleges as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendants' submission of Abbreviated New Drug Application ("ANDA") Nos. 205957 and 210210 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import versions of JANUVIA® (sitagliptin phosphate) and JANUMET® (metformin hydrochloride; sitagliptin phosphate) prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent").

2. Wockhardt Bio AG notified Merck by letter dated January 21, 2014 ("Wockhardt's '957 Notice Letter") that it had submitted to the FDA ANDA No. 205957 ("Wockhardt's '957 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic sitagliptin phosphate oral tablets ("Wockhardt's '957 ANDA Product") prior to the expiration of the '708 patent.

1

ME1 29533330v.1

3.     On information and belief, Wockhardt's '957 ANDA Product is a generic version of Merck's JANUVIA®.

4.     Wockhardt Bio AG notified Merck by letter dated March 13, 2017 ("Wockhardt's '210 Notice Letter") that it had submitted to the FDA ANDA No. 210210 ("Wockhardt's '210 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic metformin hydrochloride and sitagliptin phosphate oral tablets ("Wockhardt's '210 ANDA Product") prior to the expiration of the '708 patent.

5.     On information and belief, Wockhardt's '210 ANDA Product is a generic version of Merck's JANUMET®.

6.     Wockhardt's '957 Notice Letter and Wockhardt's '210 Notice Letter are collectively referred to herein as "Wockhardt's Notice Letters."  Wockhardt's '957 ANDA and Wockhardt's '210 ANDA are collectively referred to herein as "Wockhardt's ANDAs." Wockhardt's '957 ANDA Product and Wockhardt's '210 ANDA Product are collectively referred to herein as "Wockhardt's ANDA Products."

## PARTIES

7.     Plaintiff Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

8.     Merck is the holder of New Drug Application ("NDA") No. 21995 for JANUVIA® (sitagliptin phosphate), which has been approved by the FDA.

9.     Merck is the holder of NDA No. 22044 for JANUMET® (metformin hydrochloride; sitagliptin phosphate), which has been approved by the FDA.

2

ME1 29533330v.1

10.     On information and belief, defendant Wockhardt Bio AG ("Wockhardt AG") is a corporation organized and existing under the laws of Switzerland, having its corporate offices and principal place of business at Grafenauweg 6, 6300 Zug, Switzerland. On information and belief, Wockhardt AG is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Wockhardt USA LLC.

11.     On information and belief, defendant Wockhardt USA LLC ("Wockhardt USA") is a corporation organized and existing under the laws of the State of Delaware, having its corporate offices and principal place of business at 20 Waterview Boulevard, Suite 315, Parsippany, New Jersey 07054. On information and belief, Wockhardt USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.

12.     On information and belief, Wockhardt USA is a wholly owned subsidiary of Wockhardt AG. Wockhardt AG and Wockhardt USA are collectively referred to herein as "Wockhardt."

13.     On information and belief, Wockhardt AG and Wockhardt USA acted in concert to prepare and submit Wockhardt's ANDAs to the FDA.

14.     On information and belief, Wockhardt AG and Wockhardt USA know and intend that upon approval of Wockhardt's ANDAs, Wockhardt will manufacture, market, sell, and distribute Wockhardt's ANDA Products throughout the United States, including in Delaware. On information and belief, Wockhardt AG and Wockhardt USA are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Wockhardt's ANDA Products, and enter into agreements that are nearer than arm's length. On

3

information and belief, Wockhardt AG and Wockhardt USA participated, assisted, and cooperated in carrying out the acts complained of herein.

15. On information and belief, following any FDA approval of Wockhardt's ANDAs, Wockhardt AG and Wockhardt USA will act in concert to distribute and sell Wockhardt's ANDA Products throughout the United States, including within Delaware.

## JURISDICTION

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

17. This Court has personal jurisdiction over Wockhardt.

18. Wockhardt AG is subject to personal jurisdiction in Delaware because, among other things, Wockhardt AG, itself and through its wholly owned subsidiary Wockhardt USA, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Wockhardt AG, itself and through its wholly owned subsidiary Wockhardt USA, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Wockhardt AG is subject to personal jurisdiction in Delaware because, on information and belief, it controls and dominates Wockhardt USA and therefore the activities of Wockhardt USA in this jurisdiction are attributed to Wockhardt AG.

19. Wockhardt USA is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Wockhardt USA is a corporation organized and existing under the laws of the State of Delaware, is qualified to do

4

business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Wockhardt USA develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

20.     In addition, this Court has personal jurisdiction over Wockhardt because Wockhardt AG and Wockhardt USA regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Astellas US LLC v. Wockhardt Bio AG*, No. 18-1678-CFC, D.I. 16 (D. Del. Dec. 4, 2018); *Bristol-Myers Squibb Co. v. Wockhardt Bio AG*, No. 17-411-LPS, D.I. 12 (D. Del. June 12, 2017).

21.     On information and belief, if Wockhardt's ANDAs are approved, Wockhardt will manufacture, market, sell, and/or distribute Wockhardt's ANDA Products within the United States, including in Delaware, consistent with Wockhardt's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Wockhardt regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Wockhardt's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Wockhardt's ANDA Products will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within

5

Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Wockhardt's ANDA Products are approved before the patent expires.

22.     On information and belief, Wockhardt derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Wockhardt and/or for which Wockhardt AG or Wockhardt USA is/are the named applicant(s) on approved ANDAs. On information and belief, various products for which Wockhardt AG and/or Wockhardt USA is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in Delaware.

## VENUE

23.     Merck incorporates each of the preceding paragraphs 1–22 as if fully set forth herein.

24.     Venue is proper in this district as to Wockhardt AG under 28 U.S.C. § 1391 because Wockhardt AG is a corporation organized and existing under the laws of Switzerland and is subject to personal jurisdiction in this judicial district.

25.     Venue is proper in this district as to Wockhardt USA under 28 U.S.C. § 1400(b) because Wockhardt USA is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

## THE '708 PATENT

26.     Merck incorporates each of the preceding paragraphs 1–25 as if fully set forth herein.

27.     The inventors named on the '708 patent are Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.

6

28.     The '708 patent, entitled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor" (attached as Exhibit A), was duly and legally issued on February 5, 2008.

29.     Merck is the owner and assignee of the '708 patent.

30.     The '708 patent claims, *inter alia*, a dihydrogenphosphate salt of 4-oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I, or a hydrate thereof, as recited in claim 1 of the '708 patent.

31.     JANUVIA®, as well as methods of using JANUVIA®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUVIA® in the FDA's Orange Book.

32.     JANUMET®, as well as methods of using JANUMET®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUMET® in the FDA's Orange Book.

### COUNT I – INFRINGEMENT OF THE '708 PATENT
### (WOCKHARDT'S '957 ANDA PRODUCT)

33.     Merck incorporates each of the preceding paragraphs 1–32 as if fully set forth herein.

34.     In Wockhardt's '957 Notice Letter, Wockhardt notified Merck of the submission of Wockhardt's '957 ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Wockhardt's '957 ANDA Product prior to the expiration of the '708 patent.

35.     In Wockhardt's '957 Notice Letter, Wockhardt also notified Merck that, as part of its ANDA, Wockhardt had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708

ME1 29533330v.1

patent.  On information and belief, Wockhardt submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Wockhardt's '957 ANDA Product.

36.     In Wockhardt's '957 Notice Letter, Wockhardt stated that Wockhardt's '957 ANDA Product contains sitagliptin phosphate as an active ingredient.

37.     Wockhardt's '957 ANDA Product, and the use of Wockhardt's '957 ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Wockhardt's '957 ANDA Product.

38.     In Wockhardt's '957 Notice Letter, Wockhardt did not contest infringement of claim 1 of the '708 patent.

39.     Wockhardt's submission of Wockhardt's '957 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Wockhardt's '957 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

40.     On information and belief, Wockhardt will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Wockhardt's '957 ANDA Product immediately and imminently upon approval of its ANDA.

41.     The manufacture, use, sale, offer for sale, or importation of Wockhardt's '957 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

ME1 29533330v.1

42. On information and belief, the manufacture, use, sale, offer for sale, or importation of Wockhardt's '957 ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

43. On information and belief, Wockhardt plans and intends to, and will, actively induce infringement of the '708 patent when Wockhardt's '957 ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Wockhardt's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

44. On information and belief, Wockhardt knows that Wockhardt's '957 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Wockhardt's '957 ANDA Product is not a staple article or commodity of commerce, and that Wockhardt's '957 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Wockhardt plans and intends to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Wockhardt's '957 ANDA.

45. Notwithstanding Wockhardt's knowledge of the claims of the '708 patent, Wockhardt has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Wockhardt's '957 ANDA Product with its product labeling following FDA approval of Wockhardt's '957 ANDA prior to the expiration of the '708 patent.

46. The foregoing actions by Wockhardt constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

9

47.     On information and belief, Wockhardt has acted with full knowledge of the '708 patent and without a reasonable basis for believing that it would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

48.     Merck will be substantially and irreparably damaged by infringement of the '708 patent.

49.     Unless Wockhardt is enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury.  Merck has no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT
## OF INFRINGEMENT OF THE '708 PATENT
## (WOCKHARDT'S '957 ANDA PRODUCT)

50.     Merck incorporates each of the preceding paragraphs 1–49 as if fully set forth herein.

51.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Wockhardt on the other regarding Wockhardt's infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

52.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Wockhardt's '957 ANDA Product with its proposed labeling, or any other Wockhardt drug product that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

10

## COUNT III – INFRINGEMENT OF THE '708 PATENT
## (WOCKHARDT'S '210 ANDA PRODUCT)

53.    Merck incorporates each of the preceding paragraphs 1–52 as if fully set forth herein.

54.    In Wockhardt's '210 Notice Letter, Wockhardt notified Merck of the submission of Wockhardt's '210 ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Wockhardt's '210 ANDA Product prior to the expiration of the '708 patent.

55.    In Wockhardt's '210 Notice Letter, Wockhardt also notified Merck that, as part of its ANDA, Wockhardt had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708 patent.  On information and belief, Wockhardt submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Wockhardt's '210 ANDA Product.

56.    In Wockhardt's '210 Notice Letter, Wockhardt stated that Wockhardt's '210 ANDA Product contains sitagliptin phosphate as an active ingredient.

57.    Wockhardt's '210 ANDA Product, and the use of Wockhardt's '210 ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Wockhardt's '210 ANDA Product.

58.    In Wockhardt's '210 Notice Letter, Wockhardt did not contest infringement of claim 1 of the '708 patent.

11

59.     Wockhardt's submission of Wockhardt's '210 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Wockhardt's '210 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

60.     On information and belief, Wockhardt will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Wockhardt's '210 ANDA Product immediately and imminently upon approval of its ANDA.

61.     The manufacture, use, sale, offer for sale, or importation of Wockhardt's '210 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

62.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Wockhardt's '210 ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

63.     On information and belief, Wockhardt plans and intends to, and will, actively induce infringement of the '708 patent when Wockhardt's '210 ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Wockhardt's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

64.     On information and belief, Wockhardt knows that Wockhardt's '210 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Wockhardt's '210 ANDA Product is not a staple article or commodity of commerce, and that Wockhardt's '210 ANDA Product and its proposed labeling are not suitable for

12

substantial noninfringing use.  On information and belief, Wockhardt plans and intends to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Wockhardt's '210 ANDA.

65.     Notwithstanding Wockhardt's knowledge of the claims of the '708 patent, Wockhardt has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Wockhardt's '210 ANDA Product with its product labeling following FDA approval of Wockhardt's '210 ANDA prior to the expiration of the '708 patent.

66.     The foregoing actions by Wockhardt constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

67.     On information and belief, Wockhardt has acted with full knowledge of the '708 patent and without a reasonable basis for believing that it would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

68.     Merck will be substantially and irreparably damaged by infringement of the '708 patent.

69.     Unless Wockhardt is enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury.  Merck has no adequate remedy at law.

### COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '708 PATENT (WOCKHARDT'S '210 ANDA PRODUCT)

70.     Merck incorporates each of the preceding paragraphs 1–69 as if fully set forth herein.

13

ME1 29533330v.1

71.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Wockhardt on the other regarding Wockhardt's infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

72.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Wockhardt's '210 ANDA Product with its proposed labeling, or any other Wockhardt drug product that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

**PRAYER FOR RELIEF**

WHEREFORE, Merck requests the following relief:

(a)    A judgment that the '708 patent has been infringed under 35 U.S.C. § 271(e)(2) by Wockhardt's submissions to the FDA of Wockhardt's ANDAs;

(b)    A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of Wockhardt's ANDA Products, or any other drug product that infringes or the use of which infringes the '708 patent, be not earlier than the latest of the expiration date of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)    A preliminary and permanent injunction enjoining Wockhardt, and all persons acting in concert with Wockhardt, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Wockhardt's ANDA Products, or any other drug product covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

14

(d)     A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Wockhardt's ANDA Products, or any other drug product that is covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, the '708 patent;

(e)     A declaration that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285;

(f)     Costs and expenses in this action; and

(g)     Such further and other relief as this Court may deem just and proper.

Dated: February 13, 2019

OF COUNSEL:

Bruce R. Genderson
Jessamyn S. Berniker
Stanley E. Fisher
Shaun P. Mahaffy
Anthony H. Sheh
Jingyuan Luo*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
bgenderson@wc.com
jberniker@wc.com
sfisher@wc.com
smahaffy@wc.com
asheh@wc.com
jluo@wc.com

Respectfully submitted,

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff
Merck Sharpe & Dohme Corp.*

*Admitted only in CA. Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).

15